### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**TUYO HOLDINGS, LLC, JOHN PAT-RICK LOWE, TRUSTEE FOR THE BANKRUPTCY ESTATE OF POLICY SERVICES, LLC;**

   *Plaintiffs*,

                                                 **Case No.  SA-25-CV-00130-JKP**

**v.**

**AMERICAN GENERAL LIFE INSUR-ANCE COMPANY,**

   *Defendant.*

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant American General Life Insurance Company's (American General) Motion to Dismiss. *ECF Nos. 23,27*. Plaintiffs responded. *ECF No. 25*. Upon consideration, the Motion is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is DIRECTED to reopen this case from administrative closure and lift the stay.

### Factual Background

This case arises from a life insurance policy insuring the life of Jean Dean ("the Dean Policy"). In the Second Amended Complaint, TuYo Holdings, LLC, (TuYo) and Patrick Lowe as bankruptcy trustee for Policy Services, Inc (PSI), allege American General issued the Dean Policy, which was subsequently sold and transferred to PSI, which then became the recipient of any benefits upon the death of Dean, and was sold and transferred to TuYo after PSI filed for bankruptcy. *ECF No. 19, pp. 2-6*.

The parties do not dispute the Dean Policy lapsed on November 6, 2019, while held by PSI when PSI failed to pay premiums. *ECF No. 19, pp. 3-4*. In December 2019, PSI discussed this lapse with American General as well as the opportunity and requirements for reinstatement of the Dean Policy. PSI submitted an application for reinstatement and HIPAA authorization form on February 4, 2020. *ECF No. 19, pp. 3-4*.

TuYo and PSI allege that on March 3, 2020, an unnamed representative of American General represented to an unnamed employee of PSI through a phone call that it would reinstate the Dean Policy, and PSI should receive a letter indicating the amount of premium necessary to reinstate. *Id. at pp. 4-5*. When PSI did not receive a letter, it alleges it contacted American General on March 18, 2020, and, based upon an internal file note on that date, American General "processed the reinstatement Policy." *Id*. In this internal note dated March 18, 2021, TuYo and PSI allege American General stated it would "reopen its file and reconsider the application for reinstatement of the [Dean Policy]," and its "medical vendor will get in contact with the Insured to schedule [medical tests and evaluation]." Despite this disputed reinstatement on March 18, 2020, TuYo and PSI allege American General failed to provide the amount owed under the Dean Policy and failed to notify PSI of the reinstatement. *Id. at pp. 4-6*. On June 2, 2020, American General sent a letter to PSI indicating it was "unable to offer [] reinstatement at this time due to COVID-19 Situation." After the June 2 letter, PSI alleges it contacted American General multiple times, including a November 2020 letter demanding reinstatement based on the representations made by American General in March 2020. *Id*. On January 28, 2021, PSI sent another letter through counsel demanding reinstatement of the Dean Policy and included a check for $9,000 for premiums. PSI alleges it made the $9,000 payment as an "educated guess" as to the amount of premium necessary. Based on the March 3 representation, and the March 18 reinstatement, TuYo

and PSI allege American General never indicated to PSI the premium necessary for reinstatement. Ultimately American General denied reinstatement on October 22, 2021. *Id*.

On December 9, 2021, PSI filed for bankruptcy under Chapter 7, and TuYo subsequently acquired all rights to the Dean Policy through an assignment from PSI's Trustee on April 12, 2022. Dean, the insured, passed away on November 23, 2023. American General denied benefits under the Dean Policy based upon lapse in coverage due to failure to pay the premiums. *ECF No. 19, p. 6.*

TuYo and PSI filed this suit on February 6, 2025. TuYo and PSI assert causes of action of breach of contract and violation of the Texas Unfair Claim Settlement Practices Act (Texas Insurance Code §542). *ECF No. 19, pp. 7,11*. PSI asserts causes of action of deceptive insurance practices in violation of Texas Insurance Code § 541.151 and violation of the Texas Deceptive Trade Practice Act through American General's violations of the Texas Insurance Code. *ECF No. 19, pp. 8-10.* American General now files this Motion to Dismiss the breach of contract cause of action brought by PSI based upon its lack of standing. *ECF No. 23.* American General seeks dismissal of the breach of contract cause of action brought by TuYo and PSI for failure to state a claim. American General moves to dismiss the causes of action for violation of the Texas Insurance Code and the DTPA brought by PSI because they are time-barred and for failure to state a viable claim. American General moves to dismiss the cause of action for violation of the Texas Unfair Claim Settlement Practices Act under Texas Insurance Code § 542 brought by TuYo and PSI because it is tied to the breach of contract cause of action, and that cause of action should be dismissed. *Id*.

**1. Motion to Dismiss Pursuant to Federal Rule 12(b)(1)**

American General challenges the Court's subject matter jurisdiction as it pertains to PSI's assertion of the breach of contract cause of action. American General contends PSI lacks standing to bring this cause of action because PSI no longer has any claim to the benefits of the Dean Policy, having assigned all rights to TuYo without reservation. *ECF No. 23, pp. 8-9.*

PSI responds stating it pleads the breach of contract cause of action only in the alternative, in the event this Court might find its assignment of the Dean Policy to TuYo to be invalid. *ECF No. 25, p. 4.* PSI contends the two parties do not intend to pursue damages or assert this cause of action together, but only in the alternative. PSI states, "[s]hould the Court find the assignment of the Dean Policy valid and enforceable, then TuYo Holdings assumes all rights to standing to assert breach of contract against [American General]. However, if the Court should find the assignment was not valid, then PSI Trustee remains the proper party to assert breach of contract." *Id*.

Because American General has not yet filed an Answer to the Second Amended Complaint, it is not yet clear whether American General will challenge the validity of the assignment of the Dean Policy to TuYo. Therefore, any ruling on this issue would be premature and hypothetical. In any event, PSI contends the assignment is valid, and therefore, "TuYo Holdings assumes all rights to standing to assert breach of contract against [American General]." *Id*. Based upon this admission, the Court finds PSI admits it does not hold standing to assert the breach of contract cause of action under the current pleadings.

Following PSI's argument further, assuming American General challenges the validity of the assignment, and if the Court should find the assignment was not valid, then the issue of PSI's standing to assert a breach of contract cause of action would become moot.

4

Consequently, based upon the current pleadings, and based upon PSI's admission, the Court finds PSI does not have standing to assert a cause of action for breach of contract. For this reason, the Court grants American General's Motion to Dismiss PSI as a plaintiff on the breach of contract cause of action.

## 2. Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

American General challenges the remaining causes of action pursuant to Federal Rule 12(b)(6).

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the

plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

### A.  Breach of Contract

In the Second Amended Complaint, TuYo alleges American General breached the Dean Policy contract by (1) "failing to reinstate the Dean Policy;" (2) "failing to provide the amount of premium necessary to reinstate after March 18, 2020 reinstatement;" (3) "failing to provide no-

6

tice of the March 18, 2020 reinstatement;" (4) "rejecting the timely payment made by PSI in January 2021;" and (5) "failing to apply its evidence of insurability for a request made for reinstatement made on or within 90 days of lapse." *ECF No. 19, pars. 27–31.*

To state a cause of action for breach of contract, a plaintiff must allege sufficient facts to demonstrate: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Runge v. Raytheon E–Systems, Inc.,* 57 S.W.3d 562, 565 (Tex.App.—Waco [10th Dist.] 2001).

In the Factual Allegations in the Second Amended Complaint, TuYo alleges, and the parties do not dispute, the subject valid contract to be the Dean Policy. TuYo attached a copy of the Dean Policy to the Second Amended Complaint. TuYo alleges American General breached the contract through five specific acts: (1) "failing to reinstate the Dean Policy;" (2) "failing to provide the amount of premium necessary to reinstate after March 18, 2020 reinstatement;" (3) "failing to provide notice of the March 18, 2020 reinstatement;" (4) "rejecting the timely payment made by PSI in January 2021;" and (5) "failing to apply its evidence of insurability for a request made for reinstatement made on or within 90 days of lapse." *ECF No. 19, pars. 27–31.* In the Factual Allegations, TuYo enumerates its actions to reinstate and to perform or tender the documentation required for reinstatement by the Dean Policy. *ECF No. 19, pars. 7–16.* TuYo contends it incurred damages as a result of American General's breach.

American General acknowledges its understanding of these alleged breaches and the asserted actions taken by PSI to reinstate the Dean Policy by reciting and discussing each breach and alleged action in its Motion of Dismiss. *ECF No. 23, pp. 9-14.* While American General contends the recited breaches are contradictory, not supported by the record, or cannot be proven,

7

these arguments are not the proper subject of this Motion to Dismiss. *See Brand Coupon Network*, 748 F.3d at 635. Rather, these arguments require evidentiary support, and therefore, are not the proper basis for a Motion to Dismiss under Federal Rule 12(b)(6). *See id*. While the alleged acts constituting breach may be contradictory, this contradiction fails to affirmatively show TuYo would not be entitled to relief under any set of facts or any possible theory. *See Jones v. Greninger*, 188 F.3d at 324. While TuYo may have asserted the alleged acts of breach and its own actions constituting performance under the section titled, "Factual Allegations", rather than the section asserting each cause of action, the Second Amended Complaint is clearly sufficient to provide American General fair notice of the asserted breach of contract cause of action and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Consequently, this Court finds TuYo sufficiently pleaded a cause of action for breach of contract to survive this Motion to Dismiss.

Accordingly, American General's Motion to Dismiss TuYo's breach of contract cause of action will be denied.

## B. DTPA and §541 as Time Barred

American General contends PSI's causes of action of violations of the TDTPA and Texas Insurance Code § 541 should be dismissed as time barred. *ECF No. 23, pp. 14-15*. American General contends PSI knew of any alleged deceptive statement made by American General by June 2, 2020, when American General issued a letter denying reinstatement of the Dean Policy. Because PSI filed suit more than two years following June 2, 2020, when it knew or should have known of these potential causes of action, American General asserts both must be dismissed for expiration of the applicable statute of limitations. *Id*.

PSI responds that it did not discover the deceptive nature of the letter dated June 2, 2020, until November 27, 2024, when American General's counsel provided PSI with the case file, and it discovered an internal note dated March 18, 2020. *ECF No. 25, pp. 4-5*. PSI contends only this discovery of the March 18, 2020, internal file note demonstrates the deceptive and false nature of the March 3, 2020, and June 2, 2020, statements to PSI. *Id*. Therefore, the statute of limitations did not begin to run until November 27, 2024, at this first opportunity for it to discover the basis of this cause of action. *Id*.

Any cause of action for violation of the TDTPA or the Texas Insurance Code must be filed within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. Tex. Bus. & Com. Code Ann. § 17.565; Tex. Ins. Code Ann. § 541.162.

In the Second Amended Complaint, PSI bases these causes of action on alleged "deceptive[] . . . statements in the March 3 phone call and the June 2, 2020 letter," which it contends could not have been discovered until November 27, 2024. *ECF No. 19, par. 19*. In the Response to the Motion to Dismiss, PSI contends this cause of action is based upon the deception revealed in the March 18, 2020, internal file note. Although these two positions are contradictory, the Court will interpret PSI's statements in the Second Amended Complaint in the light most favorable to its position and will consider the March 3, 2020, telephone communication, the June 2, 2020, letter, and the internal file note dated March 18, 2020.

For the sake of determination of this Motion to Dismiss, this Court presumes all factual allegations to be true and will construe all facts in the light most favorable to PSI. In this light, American General's statements in the March 3, 2020, phone call in which a representative told a

PSI employee the Dean Policy would be reinstated, and the March 18, 2020, internal note directing that the Dean Policy be reinstated, were consistent with each other and both indicated American General would reinstate the Dean Policy. Also accepting these facts as true, the letter dated June 2, 2020, denying reinstatement contradicted the telephonic statement and file notation in March 2020. *ECF No. 19, pars. 11-13, 36.*

PSI admits the phone call that occurred on March 3, 2020, included an employee of American General who made this statement directly to an employee of PSI. Therefore, based upon this direct representation, PSI admits it knew or should have known of any deceptive nature of this representation on June 2, 2020, when it received the denial-of-reinstatement letter from American General. Because the March 3, 2020, phone call was an admitted direct communication which was contradictory to the denial letter dated June 2, 2020, that PSI admits it received, the fact that PSI later discovered an internal note dated March 18, 2020, does not toll when it admits it knew or should have known of any deception – June 2, 2020. *ECF No. 19, pars. 11-13; 19-1 at 3.*

Consequently, based on PSI's own factual allegations and admissions, and construing all facts in light most favorable to PSI, PSI knew or should have known the basis for its Chapter 541 and DTPA causes of action upon receipt of the letter dated June 2, 2020. *See id.* PSI filed suit on September 9, 2025, more than five years after June 2, 2020. Therefore, the causes of action of violation of the TDTPA and the Texas Insurance Code § 541 fall outside of the applicable statute of limitations and will be dismissed as time-barred. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Because the Court finds these causes of action were filed after the applicable statute of limitations expired, it will not address the substantive merits of American General's arguments for dismissal based upon failure to state a claim pursuant to Federal Rule 12(b)(6).

### C.  Violation of Texas Unfair Claim Settlement Practices Act

American General contends TuYo and PSI's cause of action for violation of the Texas Unfair Claim Settlement Practices Act under the Texas Insurance Code § 542 should be dismissed because this cause of action is dependent upon the existence of American General's liability under the Dean Policy. Because American General contends it proved it cannot be liable under the Dean Policy, and the breach of contract cause of action fails as a matter of law, it contends this cause of action must be dismissed. *ECF No. 23, pp. 19-20*.

This Court concluded TuYo pleaded sufficient facts to assert a viable cause of action for breach of contract. Therefore, American General's argument for dismissal of the cause of action for violation of the Texas Unfair Claim Settlement Practices Act under the Texas Insurance Code § 542 must fail.

Consequently, the Court will deny American General's Motion to Dismiss this cause of action.

### D.  Leave to Amend

In general, when a Court considers dismissal is warranted pursuant to Federal Rule 12(b)(6), it should consider whether it should allow the plaintiff an opportunity to amend the complaint. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When a plaintiff has already been provided ample opportunity to plead its "best case," a court is within its discretion to dismiss. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam).

According to American General's Certificate of Conference attached to the Motion to Dismiss, it complied with this Court's Standing Order by conferring with TuYo and PSI's counsel regarding the basis of this Motion, and these Plaintiffs filed this Second Amended Complaint in response. Because American General considered the amended pleading deficient, it filed this Motion to Dismiss. *See*

The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See ECF No. 3 at 1*. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, the Court informed TuYo and PSI that "if the Court finds any Motion to Dismiss has merit **the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss**." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon this procedural posture, the Court finds Plaintiffs TuYo and PSI had adequate opportunity to plead their best case, and thus, the Court declines to exercise its discretion to permit the filing of another amended complaint.

### Conclusion

For the reasons stated, the Court **GRANTS IN PART and DENIES IN PART** American General's Motion to Dismiss. Any cause of action for breach of contract, violation of the TDTPA and violation of the Texas Insurance Code § 541 asserted by PSI are **DISMISSED**. The cause of action of breach of contract asserted by TuYo remains, and the cause of action of violation of the Texas Unfair Claim Settlement Practices Act under the Texas Insurance Code § 542 asserted by TuYo and PSI remains.

The Clerk of Court is **DIRECTED** to lift the stay and reopen this case from administrative closure.

It is so ORDERED.
SIGNED this 19th day of December, 2025.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE