**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**TUYO HOLDINGS, LLC, JOHN PATRICK LOWE, TRUSTEE FOR THE BANKRUPTCY ESTATE OF POLICY SERVICES, LLC, ET AL;**

***Plaintiffs*,**

**Case No. SA-25-CV-00130-JKP**

**v.**

**AMERICAN GENERAL LIFE INSURANCE COMPANY,**

***Defendant*.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Combined Motion for Entry of Partial Final Judgment and Motion to Stay Proceedings Pending Appeal. *ECF No. 33*. Defendant responded. *ECF No. 37*. Upon consideration, the Combined Motions are **DENIED**. Further, the Court will not enter certification for interlocutory appeal.

**Factual Background**

This case arises from a life insurance policy insuring the life of Jean Dean ("the Dean Policy"). In the Second Amended Complaint, TuYo Holdings, LLC, (TuYo) and Patrick Lowe as bankruptcy trustee for Policy Services, Inc (PSI), allege American General issued the Dean Policy, which was subsequently sold and transferred to PSI, which then became the recipient of any benefits upon the death of Dean. On December 9, 2021, PSI filed for bankruptcy under Chapter 7, and TuYo subsequently acquired all rights to the Dean Policy through an assignment from PSI's Trustee on April 12, 2022. *ECF No. 19, pp. 2-6*.

Dean, the insured, passed away on November 23, 2023. American General denied benefits under the Dean Policy based upon lapse in coverage due to failure to pay the premiums. *ECF No. 19, p. 6*. TuYo and PSI filed this suit on February 6, 2025. TuYo and PSI assert causes of action of breach of contract and violation of the Texas Unfair Claim Settlement Practices Act (Texas Insurance Code §542). *ECF No. 19, pp. 7,11*. PSI asserts causes of action of deceptive insurance practices in violation of Texas Insurance Code § 541.151 and violation of the Texas Deceptive Trade Practice Act through American General's violations of the Texas Insurance Code. *ECF No. 19, pp. 8-10*.

Particular to this pending Motion, American General filed a Partial Motion to Dismiss the causes of action for violation of the DTPA and deceptive insurance practices in violation of the Texas Insurance Code pursuant to Federal Rule 12(b)(6). *ECF No. 23*. On December 19, 2025, the Court granted American General's Partial Motion to Dismiss these causes of action based upon

a statute-of-limitations bar and dismissed the statutory causes of action. *ECF No. 28*. This Court found that, based on PSI's own factual allegations and admissions, and construing all facts in light most favorable to PSI, PSI knew or should have known the basis for its statutory causes of action upon receipt of a letter dated June 2, 2020. *Id*. PSI filed suit on September 9, 2025, and therefore, the statutory causes of action fall outside of the applicable statute of limitations and must be dismissed. *Id*.; *see Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003).

Though styled as a combined Motion for Entry of Partial Final Judgment and Motion to Stay Proceedings Pending Appeal, Plaintiffs actually request that upon entry of Partial Final Judgment, this Court enter a Certificate of Appealability under Federal Rule 54(b) to make the dismissal of the statutory causes of action immediately appealable. Thus, despite the style of the

Combined Motion, the Court will analyze Plaintiffs' arguments as a Motion for Certificate of Appealability pursuant to Federal Rule 54(b).

**Legal Standard**

Generally, an order disposing of fewer than all claims or parties in an action is not an appealable final judgment unless the district court certifies entry of partial final judgment under Federal Rule 54(b). *Eldredge v. Martin Marietta Corp*., 207 F.3d 737, 740 (5th Cir. 2000); *see also* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2659 & n.11 (2010) ("some showing must be made by the party desiring an immediate appeal in order to overcome the normal rule that no appeal be heard until the entire case has been completed."). Thus, in cases involving multiple parties or more than one claim for relief, a district court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This standard is determined to mean: "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *PYCA Indus. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *Halprin v. Fed. Deposit Ins. Corp.*, No. 5:13-CV-1042, 2018 WL 2072866, at *1–2 (W.D. Tex. May 3, 2018). Once certified by the district court, "a Rule 54(b) judgment is a final decision capable of immediate appellate review." *Tolan v. Cotton*, 713 F.3d 299, 303 (5th Cir. 2013), cert granted, judgment vacated, 134 S.Ct. 1861 (2014).

The determination whether there exists no just reason for delay of immediate appeal of a portion of the asserted causes of action lies in the sound discretion of the district court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Brown v. Miss. Valley State Univ*., 311 F.3d 328, 332 (5th Cir. 2002). Within this discretion, certification for immediate appeal is disfa-

vored, should not be routinely granted, and "should be sparingly and deliberately used." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984); *Doss v. Morris*, No. SA:11-CV-116, 2015 WL 4756294, at *1 (W.D. Tex. Aug. 11, 2015).

In making this determination whether there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, courts consider "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8; *Halprin*, 2018 WL 2072866, at *1–2. Multiple factors may assist in this determination, including "whether the claims under review [are] separate from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." 10 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure § 2659 (3d ed. 1998). Thus, certification under Federal Rule 54(b) is appropriate only when the causes of action are independent or are not factually intertwined such that an appellate court may be required to revisit the same factual record in a later appeal. *Eldredge*, 207 F.3d at 742; *Halprin*, 2018 WL 2072866, at *1–2.

**Discussion**

In their Motion, Plaintiffs contend the statutory causes of action are separable from the remaining breach of contract cause of action, the Fifth Circuit would not be required to revisit issues to determine an appeal on the statute-of-limitations issues, the need for immediate appellate review cannot be mooted by any determination on the remaining breach of contract cause of

action, and the procedural posture of the case strongly favors granting certification of appealability. Plaintiffs contend these combined elements show there exists danger of hardship or injustice through delay which would be alleviated by immediate appeal.

The Court finds Plaintiffs do not demonstrate the hardship or injustice necessary to justify a Federal Rule 54(b) certification of appealability. *See PYCA Indus.*, 81 F.3d at 1421; *see also Essex Ins. Co. v. Long Island Owners Ass'n, Inc.*, No. CV B-08-179, 2010 WL 11579806, at *1 (S.D. Tex. July 19, 2010). The fact that this Court's determination on the statute-of-limitations bar is immediately appealable and can be determined on appeal does mean there is no just reason for delay or that delay would render a hardship or injustice that could be alleviated by immediate appeal. *See Essex Ins. Co.*, 2010 WL 11579806, at *1. The time and expense of litigation and assertion that certification would be the quickest resolution of this issue are insufficient to justify the extraordinary remedy of Federal Rule 54(b) certification. *See PYCA Indus*., 81 F.3d at 1421; *Essex Ins. Co.*, 2010 WL 11579806, at *1; *Nichamoff v. CitiMortgage, Inc.*, No. CIV.A. H-12-1039, 2012 WL 6727121, at *2 (S.D. Tex. Dec. 27, 2012)( court denied Federal Rule 54(b) certification where misrepresentation and DTPA causes of action were dismissed and only a breach of contract claim remained, finding the causes of action relied upon same factual scenario and record). The Court finds the intertwining of facts and common nexus would require the appellate court to sift through the same record and review the same facts in any piecemeal appeal.

In addition, resolution of the remaining breach of contract cause of action could eliminate the need for immediate appellate review of the statutory claims. When extracontractual claims under the Texas Insurance Code and DTPA are predicated on coverage under an insurance policy, a "take-nothing judgment on the contract claim 'negates' the extra-contractual claims." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 491 (Tex. 2018). Because Plaintiffs do not assert

or identify an injury on the statutory causes of action independent of the loss for breach of contract, it is possible that if American General prevails on the remaining breach of contract cause of action, Plaintiffs' statutory causes of action could be barred as a matter of law. This possibility weighs in favor of denying certification for appealability on the statutory causes of action.

Consequently, the Court finds Plaintiffs' statutory causes of action are factually intertwined with the remaining breach of contract cause of action; the statutory causes of action could become moot; Plaintiffs fail to demonstrate any hardship or injustice warranting immediate review, and Plaintiffs do not show there is no just reason for delay of appeal on the statutory causes of action. Therefore, because Plaintiffs do not demonstrate the circumstances necessary to justify this Court's entry of Partial Final Judgment, this Court will deny the Motion for Certification of Appeal.

**Conclusion**

For the reasons stated, the Court **ORDERS** that Plaintiffs' Motion for Entry of Partial Final Judgment and Motion to Stay Proceedings Pending Appeal, construed as a Motion for Certificate of Appealability under Rule 54(b), is **DENIED**. *ECF No. 33*.

It is so ORDERED.

SIGNED this 18th day of September, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE